UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-81522-CIV-MARRA/MATTHEWMAN

KAREN C. YEH HO,

      Plaintiff,

vs.

WELLS FARGO BANK, N.A.,

      Defendant.

_____/

## ORDER GRANTING MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Wells Fargo Bank N.A.'s Motion to Dismiss Plaintiff's Complaint [DE 10], and Plaintiff's Motion to Strike Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Plaintiff's Complaint [DE 11].[1] The Court has carefully considered the entire Court file and is otherwise fully advised in the premises.

## INTRODUCTION

The following is gleaned from Plaintiff's Complaint, the exhibits attached thereto, and the public records of the Fourth District Court of Appeal and the Palm Beach County Circuit Court.[2] This case was filed on November 11, 2015, shortly after

---

[1] Plaintiff did not file a "Response," to the Motion to Dismiss, but filed instead a Motion to Strike the Motion to Dismiss. The contents of the Motion to Strike are clearly Plaintiff's opposition memorandum to the Motion to Dismiss, and will be considered as such.

[2] This Court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. *Universal Express, Inc. v.*

the Fourth District Court of Appeals affirmed the foreclosure court's judgment

allowing foreclosure on a property located in Boynton Beach, Palm Beach County,

Florida (the "Property").  A brief description of the foreclosure action is as follows.

**Plaintiff Defaults on The Note and Mortgage
and Foreclosure Proceedings are Commenced**

On November 30, 2007, Plaintiff executed a promissory note ("Note") secured

by a mortgage ("Mortgage") executed by Plaintiff and her husband (collectively,

"Borrowers") on the Property.  [Compl., Ex. B].  The loan was subsequently

transferred to Defendant, who filed a foreclosure complaint February 16, 2012,

against the Borrowers based on a payment default.  [Compl., ¶ 7].

On June 20, 2012, initial counsel for the Borrower ("Initial Counsel"), filed a

motion to dismiss the foreclosure complaint.  [D.E. 10, Ex. A, Doc. 29].[3]  After an

---

*U.S. S.E.C.*, 177 F. App'x 52, 53-54 (11th Cir. 2006).  In considering a motion to dismiss, this Court may, and does in this case, take judicial notice of the public record filings in the foreclosure action that is referenced in the pleadings.  *See Myrtyl v. Nationstar Mortg. LLC,* Case No. 15-CIV-61206, 2015 WL 4077376, at *1 (S.D. Fla. July 6, 2015) (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999)).  All references to D.E. 10 are taken from the public record which may be accessed at for the Palm Beach County Circuit Court.  The case docket may https://showcase.mypalmbeachclerk.com be accessed by entering Plaintiff's first name (Karen) and last name (Yeh Ho).  The case number is 50-2012-CA-002992-XXXX-MB.  The public may access the Fourth District Court of Appeal docket sheet for Plaintiff's appeal (Case No. 4D15-291) at http://199.242.69.70/pls/ds/dsdocket.

[3]  This information comes from the public record as explained in footnote 2. All further references to D.E. 10 refer to the public record available at the Palm Beach County Circuit Court (Ex. A), or the Fourth District Court of Appeal (Ex. B). Plaintiff inaccurately asserts that an answer was filed on this date.  [*See* Compl., ¶ 8].

extended period of discovery, on January 7, 2014, the trial court allowed Borrowers'

Initial Counsel to withdraw.  [D.E. 10, Ex. A, Doc. 49].  The Borrowers then continued

to defend the case actively for a time *pro se*.

**Plaintiff Purports to Obtain a Loan Modification**

In her Complaint, Plaintiff alleges that she was solicited for a loan modification

in August of 2013.  [Compl., ¶¶ 9-10].  Plaintiff asserts that she completed the trial

payments and timely returned permanent modification documentation, an assertion

belied by her own attachments.  [Compl., ¶¶ 11-13].  Instead, Plaintiff's attachments

clearly evidence that, at a minimum, her loan modification failed when her husband

neglected to sign the loan modification as required.  [Compl., Exs. B-C].  Plaintiff

fails to address this deficiency in her loan modification request and instead asserts

that Defendant failed to respond to her request for a loan modification.  [Compl., ¶¶

16-18].  On March 14, 2014, Plaintiff filed a "motion to dismiss" alleging acceptance

of the purported loan modification.  [Compl., ¶ 37].

**After Trial was Set, the Borrowers' Subsequent Counsel**
**Attempted, But Failed, to Have the Trial Continued and**
**a Consent Final Judgment Was Entered in Favor of Defendant**

On April 28, 2014, following a ruling on multiple motions to dismiss, including

her motion to dismiss related to a loan modification, Plaintiff filed for the first time a

document entitled "Answer." [D.E. 10, Ex. A., Doc. 73].  On May 13, 2014, Plaintiff's

husband also filed an "Answer."  [D.E. 10, Ex. A, Doc. 81].

On May 27, 2014, the trial court set a non-jury trial for July 17, 2014.  [D.E. 10 Ex. A, Doc. 85].  Shortly thereafter, on May 29, 2014, the Borrowers new counsel, Jeffrey Harrington, Esq. ("Subsequent Counsel"), filed a notice of appearance.  [D.E. 10, Ex. A, Doc. 88; Compl., ¶ 38].  Just two days before trial, Plaintiff filed a motion for continuance, which was denied at a hearing the morning of trial.  [D.E. 10, Ex. A, Docs. 97, 102].

On the day of trial, July 17, 2014, counsel for the Plaintiff and Defendant executed a stipulation to the entry of judgment in favor of Defendant ("Stipulation to Judgment") whereby Defendant agreed to request a sale date no less than one-hundred twenty days from the date of the judgment and the Borrowers (I) acknowledged Defendant's standing; (ii) admitted their default; (iii) admitted Defendant fulfilled all conditions precedent; (iv) admitted their interest in the subject property was inferior; (v) withdrew all affirmative defenses or counterclaims regarding fulfillment of conditions precedent; (vi) acknowledged the validity of the debt; (vii) consented to entry of judgment; and (vii) waived all rights or defenses to object or otherwise impede or delay the foreclosure sale and issuance of the certificate of title.  [D.E. 10, Ex. A, Doc. 103; Compl., Ex. D].  Accordingly, a final judgment was entered ("Final Judgment"), which set a foreclosure sale date of November 14, 2014. [D.E. 10, Ex. A, Doc. 100].

**Foreclosure Sale Occurred on November 14, 2014, Before and After
Which Borrowers Filed a Series of Confusing and Inapposite "Motions"**

On October 14, 2014, an order was entered permitting Borrowers' Subsequent

Counsel to withdraw from the foreclosure action.  [D.E. 10, Ex. A, Doc. 123].  On that

same day, Borrowers appear to have filed a motion to vacate the sale and set a trial

date.  [D.E. 10, Ex. A, Doc. 122].  Similarly, on November 10, 2014, Plaintiff filed yet

another motion to cancel the sale.  [D.E. 10, Ex. A., Doc. 125; Compl. ¶ 49].  On

November 12, 2014, the foreclosure court denied Plaintiff's requests to cancel

the sale.  [D.E. 10, Ex. A., Doc. 124; Compl. ¶ 50].

On November 14, 2014, pursuant to the Final Judgment, the Property was sold

at a foreclosure sale ("Foreclosure Sale").  [D.E. 10, Ex. A, Doc 126].  Following the

Foreclosure Sale, the Borrowers again continued to file a series of confusing and

unintelligible motions: (i) "motion for reexam the summary judgment," (ii)

"Objection to the Sale", (iii) "Compel to Produce," (iv) "Notice: Defendant Continue

to Pay Homeowners Association Fee and Insurance," (v) "Notice: Obtaining Property

by Fraud," and (vi) "Motion to Drop an Innocent Man Louie NG from Summary

Judgment."  [D.E. 10, Ex. A., Docs. 130-131, 133, 135-137, 144].  On January 16,

2015, the foreclosure court denied Plaintiff's request to vacate the Final Judgment or

rescind the Foreclosure Sale.  [D.E. 10, Ex. A, Doc. 145].

**Borrowers Appeals**

On January 23, 2015, the Borrowers filed a Notice of Appeal.  On February 16, 2015, Borrowers filed their brief with the Fourth District Court of Appeal.  [D.E. 10, Ex. B].  Following the briefing, on October 1, 2015, the Fourth District Court of Appeal affirmed, *per curiam*, the foreclosure on the Property.  [*Id*.].  On October 26, 2015, the Fourth District Court of Appeal denied Appellant's Motion for the Court to issue a written opinion.  [*Id*.].

**Plaintiff Files this Action in Federal Court**

Plaintiff filed this action on November 11, 2015, shortly after her motion for rehearing was denied by the Fourth District Court of Appeal.  [*Id*.].  To the extent Plaintiff's Complaint is discernible, she appears to allege claims for: (I) violation of the Real Estate Settlement Practices Act ("RESPA"); (ii) fraud; (iii) violations of Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"); (iv) wrongful foreclosure; (v) violations of the Wall Street Reform and Consumer Protection Act, Bureau of Consumer Financial Protection ("CFPA"); (vi) violations of the Fair Debt Collection Practices Act ("FDCPA"); and (vii) infliction of emotional distress.  Among many other arguments, Defendant asserts that all of Plaintiff's claims fail to state a causes of action.

## LEGAL STANDARD

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted.  *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984).

**DISCUSSION**

**A.      "Count I - Violation of Loss Mitigation Procedures Law"**

In Count I, Plaintiff appears to be complaining that a permanent loan modification was in place and the foreclosure complaint should have been dismissed. Compl. ¶ 69.  She also complains that Defendant did not notify her in writing within 5 days after receiving her loss mitigation application that the application had been received, and whether the application was either complete or incomplete, in violation of 12 C.F.R. § 1024.41(b)(2)(B); that Defendant did not evaluate what loss mitigation options were available to her and did not provide her with a written notice stating which loss mitigation options, if any, Defendant would offer her, in violation of 12 C.F.R. § 1024.41(c); and that Defendant moved forward in the foreclosure process after having received a completed loan modification application in violation of 12 C.F.R. § 1024.41(g).  Compl. ¶ 69.

Initially, the Court notes that the basis for most of the alleged violations is dependant on there being a permanent loan modification in place, which clearly there was not.  As exhibits attached to the Complaint plainly show, at a minimum, Plaintiff's loan modification failed when her husband neglected to sign the loan modification application as required.  [Compl., Exs. B-C].

In addition, to the extent Plaintiff is attacking actions taken by Defendant during the foreclosure action, any such claims are barred by Florida's Litigation Privilege.  The Supreme Court of Florida has held that "[a]bsolute immunity must be

Page 8 of  18

afforded to any act occurring during the course of a judicial proceeding . . . so long as the act has some relation to the proceeding." *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So. 2d 380, 384 (Fla. 2007) (internal citation omitted) (applying the litigation privilege to default letters and denying borrower's claim). Relying on Florida's litigation  privilege, courts have dismissed claims by finding that the filing of a claim in a judicial proceeding cannot form the basis for a lawsuit. *Levin, Middlebrooks, Mabie, Thomas, Mayes Mitchell, P.A. v. U.S. Fire Insurance Co.*, 639 So. 2d 606, 608 (Fla. 1994) (reasoning that "[j]ust as participants in litigation must be free to engage in unhindered communication, so too must those participants be free to use their best judgment in prosecuting or defending a lawsuit without fear of having to defend their actions in a subsequent civil action for misconduct."); *Korman v. Gray*, 13-80031-CIV, 2013 WL 6002211, *3 (S.D. Fla. Nov. 12, 2013) (stating that "Florida's litigation privilege provides Defendants with absolute immunity for acts occurring during the course of judicial proceedings") (citing *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1274 (11th Cir. 2004); *see also Gaisser v. Portfolio Recovery Assocs., LLC*, 571 F. Supp. 2d 1273, 1280 (S.D. Fla. 2008); *Mikesell v. FIA Card Servs., N.A.*, No. 2:12-cv-606-FtM-29DNF, 2013 WL 5781241, at *2 (M.D. Fla. Oct. 25, 2013).

Here, Plaintiff claims that Defendant violated the Real Estate Settlement Practices Act by simply prosecuting the foreclosure.  However, Defendant's activities to pursue foreclosure, such as filing the foreclosure complaint, are inherent and even

required as part of every judicial foreclosure proceeding.  Accordingly, the litigation privilege precludes Plaintiff from asserting any claim arising out of Defendant's acts taken in connection with that foreclosure action.  Thus, Count I must be dismissed with prejudice.

### B.    Fraud in the Inducement and Fraudulent Misrepresentation (Counts II and III)

Plaintiff alleges that Defendant "engaged in the tort of deceit," by representing to her "that after all trial period payments are timely made, Defendant would permanently modify Plaintiff['s] mortgage," and by stating in writing that she was "approved for a streamline permanent loan modification."  Compl. ¶¶ 88-90, 98-100.  She cites to exhibits A and B attached to the Complaint.  Plaintiff is mistaken as to what these exhibits represent, especially when viewed in light of exhibit C.

Exhibit A is Defendant's July 20, 2013, offer to Plaintiff to enter into a trial period plan for a mortgage modification.  In order to qualify for this "Streamlined Modification," Plaintiff was required to make monthly payments by certain due dates, and then she would "receive your final modification document to sign."  Compl. Ex. A at 1 of 8.  The offer states, "[o]nce you have successfully made each of the payments above by their due dates, *you have submitted the required signed copies of your modification agreement, and we have signed the modification agreement, your mortgage will be modified in accordance with the terms described in your final modification agreement*."  Compl. Ex. A at 4 of 8 (emphasis added).

As Plaintiff repeatedly states, she timely made all trial period payments. Therefore, Exhibit B is Defendant's Loan Modification Agreement, between Plaintiff and her husband, and Defendant.  Compl. Ex. B at 1.  However, only Plaintiff signed the documents, and the signature line for her husband, in all instances, is blank. Compl. Ex. B at 7-9.

Exhibit C is Defendant's response to Plaintiff's inquiry regarding her loan modification.  The letter indicates that in order to complete the loan modification, Plaintiff needed to provide Defendant with her marital status, a divorce decree, and modification documents that were signed by both Plaintiff and her husband.  The letter states that after numerous attempts to contact her, Defendant was unable to complete a modification for Plaintiff's account as she did not return the original signed modification documents.  As a result, Plaintiff's account was removed from review on January 13, 2014.

The letter states a new review was initiated on March 17, 2014, but Defendant was unable to complete this review as Plaintiff did not provide Defendant with updated financial information.  Plaintiff's account was removed from consideration on May 21, 2014.  Another review was initiated on August 7, 2014.  However, Defendant states it was unable to complete this review as they did not receive a response from Plaintiff.  Her account was then permanently removed from review on September 16, 2014 and Defendant wrote that we are, "unable to approve payment assistance options prior to the foreclosure sale because due to no response from you.

We're unable to rescind the foreclosure sale, because the account didn't qualify for payment assistance options."  Compl., Ex. C at 3.

As stated above, Plaintiff's claim that she timely returned all loan modification documentation is belied by her own attachments.  Compl., ¶¶ 11-13, Ex. C.  As evidenced by Defendant's letter at exhibit C, Plaintiff needed, at a minimum, to return the loan modification documents with her husband's signature, which she did not do.  For this reason alone, Counts II and III must be dismissed with prejudice. These counts are also barred by  Florida's Litigation Privilege, as discussed above.

**C.      FDUTPA Claim (Count IV)**

According to the Florida legislature, Defendant, as a National Bank, is not subject to FDUTPA.  Fla. Stat. § 501.212(4)(c) specifically exempts banks from FDUTPA that are regulated by federal agencies.  Wells Fargo Bank N.A. is a federally chartered bank subject to regulation by the Office of the Comptroller of the Currency (the "OCC").

In fact, the Court does not have to go beyond the allegations of the Complaint to conclude that Plaintiff's clams under FDUTPA must be dismissed with prejudice.  In *George v. Wells Fargo Bank, N.A.*, 13-80776-CIV, 2014 WL 61487, *5 (S.D. Fla. Jan. 8, 2014) (Marra, J.) ("*George*"), the Court found that because the Plaintiff had sued the entity known as "Wells Fargo Bank, N.A.," and "[t]here could be no dispute that 'N.A.' stands for 'National Bank,'" Defendant was exempt from FDUTPA.  *Id*.  Just as in the *George* case, Plaintiff has brought suit against Wells Fargo Bank, N.A. and

cannot argue that additional facts are necessary to conclude that Defendant is exempt from the application of FDUTPA.  The claims against Defendant based on violations of FDUTPA must be dismissed with prejudice because any amendment would be futile.

### D.    "Wrongful Foreclosure is a Tortious Act" (Count V)

In this count, Plaintiff complains that the consent judgment entered in the foreclosure action was obtained without her consent, in violation of 18 U.S.C. § 1343, "fraud by wire, radio, or television."  Compl. ¶ 135.  Plaintiff further alleges that "Defendant was aware of the permanent streamline loan modification that was in place since September 1, 2013," and "Defendant failed to prevent the foreclosure judgment or the foreclosure sale. . ."  Compl. ¶¶ 136-137.

Again, this claim must fail as the facts that form the basis of the claim are belied by the attachments to the Complaint.  In addition, this count is barred by Florida's Litigation Privilege, as discussed above.

### E.    Wrongful Foreclosure Due to Lack of Standing (Count VI)

In Count VI, Plaintiff appears to complain that Defendant did not have standing to enforce the mortgage and foreclose on the Property because the "purported copy of the Note in the complaint for the foreclosure suit does not show assignment to the alleged owner, Federal National Mortgage Association or the alleged servicer, Wells Fargo Bank."  Compl. ¶ 142.

Defendant properly argues that Plaintiff's claim for "wrongful foreclosure" is barred by the Rooker-Feldman Doctrine.  The United States Supreme Court has made it clear that federal courts are not empowered to overrule legitimate decisions made by state courts.  *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462,476-82 (1983) ("Rooker-Feldman").

Rooker–Feldman limits the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation. *Godman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001).  Specifically, Rooker-Feldman "precludes lower federal court jurisdiction over claims seeking review of state court judgments . . . no matter how erroneous or unconstitutional the state court judgment may be." *Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002) (citing *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000)).

The Eleventh Circuit has "delineat[ed] the boundaries of the Rooker–Feldman Doctrine [to include]:  'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Nicholson v. Shafe*, 558 F.3d 1266, 1274 (11th Cir. 2009) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

Rooker-Feldman applies even when the claim was not argued in state court. *Liedel v. Juvenile Court of Madison Cnty.,* 891 F.2d 1542, 1545 (11th Cir. 1990). Although the Eleventh Circuit has recognized an exception to Rooker-Feldman when

the party did not have a "reasonable opportunity" to raise their federal claims in state court, that exception only applies when the plaintiff did not have notice and, as a result, did not participate in the state court proceedings that he seeks to collaterally attack in federal court.  *Wood v. Orange Cnty.*, 715 F.2d 1543, 1547-48 (11th Cir. 1983) (finding that because of the lack of notice and the inability to participate in the state proceedings, the plaintiffs did not have a "reasonable opportunity" to assert their claims and therefore, their claims were not "inextricably intertwined").  Such an exception is not applicable here as Plaintiff received proper notice of the underlying foreclosure case and appears to have fully participated.  *See also Figueroa v. Merscorp, Inc.*, 766 F. Supp. 2d 1305, 1326 (S.D. Fla. Jan. 31, 2011) ("Even if a default was entered in that case, it would not preclude a finding that [plaintiffs] had a full and fair opportunity to litigate given that they were aware of the litigation and made a conscious decision to not respond").  For these reasons, Plaintiff's claim for a purported "wrongful foreclosure" fails as this Court lacks jurisdiction to reconsider the foreclosure court's finding that Defendant had standing to foreclose.

   **F.   Violations of the Consumer Financial Protection Act With Respect to Loan Servicing and Foreclosure Processing (Counts VII and VIII)**

   Plaintiffs bring claims pursuant to the CFPA, specifically enumerating §§ 5531(a) and 5536(a).  As an initial matter, Plaintiff provides no facts beyond conclusory statements that Defendant engaged in unfair and abusive practices to

support a finding that Defendant may be in violation of the CFPA.  Furthermore,

Plaintiff provides no statutory basis, and the Court can find none, for finding a

private right of action under these provisions of the statute, which outline duties,

authorities and enforcement powers of the CFPB.  *Nguyen v. Ridgewood Sav. Bank,*

No. 14-CV-1058 MKB, 2015 WL 2354308, *11 (E.D.N.Y. May 15, 2015) (collecting cases),

appeal dismissed (July 24, 2015), appeal dismissed (July 28, 2015), appeal dismissed

(July 29, 2015); *see also, Diaz v. Argon Agency Inc.*, No. CV 15-00451 JMS-BMK, 2015

WL 7737317, *3  (D. Haw. Nov. 30, 2015) ("there is no private right of action under

these provisions of the CFPA, which merely outline duties, authorities and

enforcement powers of the CFPB").  Accordingly, any claims brought by Plaintiff

pursuant to the CFPA must be dismissed with prejudice.

### G.    Plaintiff's Fair Debt Collection Practices Act Claim (Count IX)

Plaintiff next claims that Defendant violated the FDCPA.  However, there are

again no factual allegations in support of these claims, merely a listing of no less than

26 provisions of the FDCPA Plaintiff claims Defendant allegedly violated.  In order to

state a claim for violation of the FDCPA, Plaintiff must show that Defendant is a debt

collector as defined by the FDCPA.  *Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355,

1360-61 (S.D. Fla. 2000) ("*Kaplan*").  15 U.S.C. § 1692a(6) explicitly states that a

creditor collecting its own debts is not a debt collector.  *See* 15 U.S.C. § 1692a(6).

Moreover, under Florida law, a mortgagee attempting to enforce a mortgage is not a

debt collector for purposes of the FDCPA.  *See Trent v. Mortg. Elec. Registration Sys.*,

*Inc.*, 618 F. Supp. 2d 1356, 1360-61 (M.D. Fla. 2007) ("*Trent*").

The actions complained of by Plaintiff, to the extent the Court can determine those allegations, are clearly those of Defendant as a mortgagee attempting to enforce a mortgage, or a creditor attempting to collect its own debt. Accordingly, because Defendant is not a debt collector, Count IX fails to state a cause of action and must be dismissed. *See Trent*, 618 F. Supp. 2d at 1360-61. As there are no other plausible factual scenarios for this claim, this count will be dismissed with prejudice.

**H.    Claim for Infliction of Emotional Distress (Count X)**

Finally, Plaintiff purports to state a claim for infliction of emotional distress due to Defendant's "fraudulently mishandl[ing] the loss mitigation procedures by negating a valid loan modification contract and failure to provide information about the status of the modification and abruptly reject[ing] the payment of the loan" and by filing "a fraudulent consent judgment without her knowledge . . ." Compl. ¶ 187. This claim fails because (1) it is barred by Florida's Litigation Privilege, (2) it fails to state a claim because, as discussed above, there was no "valid loan modification contract," and (3) Plaintiff had counsel when the consent judgment was entered. For these reasons Count X of the Complaint must be dismissed with prejudice.

<u>CONCLUSION</u>

In accordance with the conclusions and rulings made herein, it is hereby

**ORDERED AND ADJUDGED** that Defendant Wells Fargo Bank N.A.'s Motion to Dismiss Plaintiff's Complaint [DE 10] is granted in its entirety. Plaintiff's Complaint is

dismissed with prejudice.  Plaintiff's Motion to Strike Defendant Wells Fargo Bank,

N.A.'s Motion to Dismiss Plaintiff's Complaint [DE 11] is denied.  In accordance with

Fed. R. Civ. P. 58, final judgment will be entered by separate order.  Any pending

motions are denied as moot.  This case is closed.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 26th day of August, 2016.

KENNETH A. MARRA
United States District Judge