UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-81522-CIV-MARRA/MATTHEWMAN

KAREN C. YEH HO,

      Plaintiff,

vs.

WELLS FARGO BANK, N.A.,

      Defendant.

_____/

**ORDER AND OPINION ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss Amended Complaint [DE 45].  The Court has carefully considered the motion, response, reply, and is otherwise fully advised in the premises.

**BACKGROUND**

Plaintiff initiated this action by filing a Complaint on November 11, 2015 (DE 1).  Proceeding *pro se*, Plaintiff alleged claims for: (i) violation of the Real Estate Settlement Practices Act ("RESPA") (Count I); (ii) fraud (Count II); (iii) violations of Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count IV); (iv) wrongful foreclosure (Count V); (v) violations of the Consumer Financial Protection Act ("CFPA") (Count VI); (vi) violations of the Fair Debt Collection Practices Act ("FDCPA"); and (vii) infliction of emotional distress (DE 1).  Defendant moved to dismiss the Complaint (DE 10), which motion was granted by the Court (DE 15).  On August 29, 2016, the Court entered a Final Judgment in favor of Defendant (DE 16).

Plaintiff appealed the Final Judgment to the Eleventh Circuit Court of Appeals (DE 17, 20, 21).  As Plaintiff did not challenge the Court's dismissal of Counts II, III, IV, V, VII, VIII, IX and X, the Eleventh Circuit concluded that Plaintiff must have abandoned them (DE 25 at 6 n.2).  In addition, because the Eleventh Circuit concluded that the RESPA violation claim was not barred by the Florida litigation privilege, it reversed the Court's ruling dismissing the RESPA violation claim and remanded for further proceedings (DE 25 at 15).

On September 18, 2018, Plaintiff filed a Motion for Leave to File Amended Complaint ("Motion to Amend") (DE 35 at 1-2).  Therein, Plaintiff sought to amend the Complaint to assert the following claims: (i) a violation of the Equal Credit Opportunity Act ("ECOA") (Count I); (ii) a violation of the Fair Housing Act ("FHA") (Count II); (iii) contract fraud (Count III); (iv) a RESPA violation (Count IV); (v) violations of the CFPA;[1] (vi) a FDCPA violation (Count VIII); and (vii) infliction of emotional distress (Count IX) (*see* DE 35-1).  Defendant filed a Response in Opposition to the Motion for Leave to File Amended Complaint (DE 36).  Defendant did not address Plaintiff's Fair Housing Act claim.

On November 7, 2018, the Court granted in part and denied in part Plaintiff's Motion to Amend (DE 39).  Specifically, the Court denied Plaintiff's request to add Counts III, V, VIII, and IX as barred by the law-of-the-case doctrine (DE 39 at 6-7).

---

[1]  Plaintiff did not separately number her CFPA violations claim but it stands to reason that it should be numbered Count V.

That left Count I asserting a violation of the Equal Credit Opportunity Act, Count II asserting a violation of the Fair Housing Act, and Count IV alleging a RESPA violation. The Amended Complaint became the operative complaint as to these three counts only (DE 39 at 7-8).  Pursuant to the Administrative Procedures of Southern District of Florida, the Court directed Plaintiff to separately file her Amended Complaint, which the Court deemed filed and served as of the date of entry of the Order.

On January 2, 2019, Defendant moved to dismiss the First Amended Complaint with Prejudice (DE 45) based solely on the argument that it is an impermissible shotgun pleading.  When the response deadline (January 16, 2019) passed without any response from Plaintiff, or motion for extension of time to respond, the Court issued a Notice to Pro Se Plaintiff and extended, *sua sponte*, the deadline for Plaintiff to file a response to February 1, 2019 (DE 47).  On February 1, 2019, Plaintiff filed a Motion for Default against Defendant, apparently under the misguided belief that filing a Motion for Default relieved her of the obligation to respond to the Motion to Dismiss. On March 19, 2019, the Court issued an Order Requiring Response to Motion to Dismiss by March 29, 2019.  On March 29, 2019, Plaintiff finally filed a response to the Motion to Dismiss (DE 60).

## STANDARD OF REVIEW

When reviewing a motion to dismiss, courts accept the allegations as presented in the complaint as true and view those facts "in the light most favorable to the plaintiff." *Hill v. White,* 321 F.3d 1334, 1335 (11th Cir. 2003).  The issue before the

Court is "'not whether [Plaintiff] will ultimately prevail' ... but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 529–30 (2011) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

When a litigant is proceeding *pro se*, liberal construction of pleadings is particularly important. *Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir. 2017), *cert. denied*, – U.S. –, 138 S.Ct. 557 (2017); *Lowe v. Delta Air Lines Inc.*, 730 F.App'x 724, 728 (11th Cir. 2018); *GJR Investments, Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359 (11th Cir.1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Courts show leniency to *pro se* litigants not enjoyed by those with the benefits of a legal education. *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir.1990). Although the court will hold *pro se* pleadings to a less stringent standard and construe the complaint more liberally, the complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam ); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989) (noting federal courts have discretion to dismiss *pro se* complaints if they lack an arguable basis in fact or in law).

## DISCUSSION

Defendant claims it is nearly impossible to respond to the First Amended Complaint in a coherent fashion, and moves to dismiss it as an impermissible shotgun pleading for failure to comply with Federal Rules of Civil Procedure 8 and 10.

The Court agrees to some extent with Defendant that Plaintiff's First Amended Complaint is a far cry from a "short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8.  The "introduction" and "statements" sections of the First Amended Complaint alone span 29 pages and contain lengthy, rambling paragraphs.  Additionally, each cause of action expressly re-incorporates all prior numbered allegations, and "any allegations that are material are buried beneath innumerable pages of rambling irrelevancies."  *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001).  Defendant argues Plaintiff's First Amended Complaint is an impermissible shotgun pleading wherein "[m]any of the factual allegations appear to relate to only one or two counts, or to none of the counts at all" such that "a reader of the complaint must speculate as to which factual allegations pertain to which count."  *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n.9 (11th Cir. 1997).

Of course, Defendant is aware that the Court must give great leniency to *pro se* litigants, and by now, Defendant and this Court are quite familiar with Plaintiff and her alleged damages.  The Court has been able to conduct its own review of Plaintiff's First Amended Complaint (DE 41) and finds that it adequately states claims for violations of the Equal Credit Opportunity Act and the RESPA, suggesting that Defendant ought to be able to do the same.  The Court considers that Defendant has at least enough information to be placed on notice as to the nature of these claims, and therefore it is not "virtually impossible to know which allegations of fact are

intended to support which claim(s) for relief." *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1320, 1323 (11th Cir. 2015) ("The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests").  As far as Count II, asserting a violation of the Fair Housing Act, on its face, the complaint fails to state a cause of action and will be dismissed.

**The Equal Credit Opportunity Act**

Plaintiff asserts an Equal Credit Opportunity Act violation in Count I.  The ECOA was enacted to insure that financial institutions make credit decisions fairly and without discriminating on the basis of sex or marital status.  *See* 12 C.F.R. § 202.1(b) (2019).  "The purpose of the ECOA is to eradicate credit discrimination waged against women, especially married women whom creditors traditionally refused to consider for individual credit."  *Stern v. Espirito Santo Bank of Fla.*, 791 F. Supp. 865, 867 (S.D. Fla. 1992) (quoting *Anderson v. United Fin. Co.*, 666 F.2d 1274, 1277 (9th Cir. 1982)); see also *SureTec Ins. Co. v. Nat'l Concrete Structures, Inc.*, Case No. 12-CIV-60051, 2012 WL 12860161, at *3 (S.D. Fla. July 3, 2012).  The ECOA makes it unlawful "for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction ... on the basis of ... marital status...."  15 U.S.C. § 1691(a)(1).  Specifically, the ECOA prohibits a creditor from requiring the signature of an applicant's spouse or other person, other than a joint applicant, on any credit

instrument if the applicant qualifies under the creditor's standards of credit-worthiness for the amount and terms of the credit requested.  12 C.F.R. § 202.7(d)(1); *Anderson*, 666 F.2d at 1276, 1277.

   The First Amended Complaint and response to the Motion to Dismiss make clear that Plaintiff believes she was discriminated against on the basis of her martial status when Defendant required her to complete the loan modification process by supplying it with: (a) "signed redrafted modification documents or original modification documents signed by both her and her husband," and (b) her "marital status."  DE 60 at 7-8;[2] Compl. (DE 41) ¶ 124.  She also alleges in her First Amended Complaint that Defendant violated the ECOA by not notifying her within 30 days of receipt of her completed modification application of Defendant's denial of the application.  15 U.S.C. § 1691(d)(1); Compl. ¶ 123.  These allegations provide enough information to put Defendant on notice as to the nature of Plaintiff's ECOA claims.

**The Fair Housing Act**

   Plaintiff asserts a Fair Housing Act violation in Count II.  The Fair Housing Act, 42 U.S.C. § 3601, *et seq.*, makes it unlawful, in pertinent part, to "discriminate

---

   [2]  Plaintiff asserts these requests are direct evidence of marital discrimination.  "Direct evidence is evidence that establishes the existence of discriminatory intent behind the . . . decision without any inference or presumption.   As the Eleventh Circuit has explained, "only the most blatant remarks, whose intent could be nothing other than to discriminate on the protected classification are direct evidence of discrimination."  *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998) (internal quotations omitted)

against any person in the terms, conditions, or privileges of sale or rental of a

dwelling, or in the provision of services or facilities in connection therewith, because

of ... familial status ...."  42 U.S.C. § 3604(b).  "'Familial status' means one or more

individuals (who have not attained the age of 18 years) being domiciled with ... a

parent or another person having legal custody of such individual or individuals ...."

42 U.S.C. § 3602(k).  Therefore, the FHA "prohibits discrimination against *families*

*with children*."  *Fair Hous. Ctr. of the Greater Palm Beaches, Inc. v. Sonoma Bay*

*Comm. Homeowners Ass'n, Inc.*, 682 F.App'x 768, 770 (11th Cir. 2017) (citing 42

U.S.C. §§ 3604, 3602(k) (emphasis provided).  "To qualify for familial status

protection, it would seem that the primary caretaker must not only live in the home

with the children, but the adults and children should also function as family

together."  *Estvanko v. City of Perry*, Case No. 09-CIV-137, 2011 WL 1750232, at *6

(M.D. Ga. May 6, 2011).

Plaintiff's First Amended Complaint fails to identify even a scintilla of factual

support for a FHA violation claim.  Notably, the Complaint is devoid of any mention

whatsoever of a child under the age of 18 living in the home.  Plaintiff is of the belief

that "marital discrimination [] is also family status discrimination[,] it is therefore

Fair Housing Act discrimination."  DE 60 at 8.  This is an incorrect assumption.

Plaintiff must make allegations that demonstrate that she has standing as a

member of a class protected by the FHA, or that she is an "aggrieved person," a

nonclass member who suffers actual injury as an ancillary effect of present or

imminent discrimination against a protected class member. *Wasserman v. Three Seasons Ass'n No. 1, Inc.*, 998 F.Supp. 1445, 1446 (S.D. Fla. 1998); *Hernandez v. Monarch Real Estate Corp.*, Case No. 08-732 MCA/WPL, 2009 WL 10707040, at *5 (D.N.M. 2009); 14A C.J.S. *Civil Rights* § 439 (2019).  Notwithstanding the leniency afforded to *pro se* plaintiffs, Count II fails to allege that Defendant engaged in familial status discrimination in violation of the Fair Housing Act, and Count II will be dismissed for failure to state a claim.  Fed. R. Civ. P. 12(b)(6).

**Real Estate Settlement Practices Act**

Plaintiff asserts a Real Estate Settlement Practices Act violation in Count III, the final count of Plaintiff's First Amended Complaint.  On appeal, the Eleventh Circuit concluded, in pertinent part:

> Ho submitted an application to Wells Fargo, but did not receive a written response as required by § 1024.41(b)(2)(B) or (c)(1) before her home was sold in violation of § 1024.41(g).  Ho's complaint therefore alleges sufficient facts to state a plausible violation of RESPA and Regulation X.  At this stage of proceedings, she has also sufficiently alleged a causal connection between Wells Fargo's RESPA violation and her actual damages. We therefore conclude Ho's complaint states a plausible claim for relief under RESPA and Regulation X. . .

DE 25 at 10-11 of 16.  Given that the Eleventh Circuit has acknowledged that Plaintiff has stated a plausible claim for relief under RESPA, these allegations provide enough information to put Defendant on notice as to the nature of Plaintiff's RESPA claims.

Accordingly, in accordance with the conclusions reached above, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Amended

Complaint [DE 45] is granted in part and denied in part.  It is denied as to Counts I and III.  It is granted as to Count II, because Plaintiff has failed to state a FHA claim based on family status.  Plaintiff has not alleged any facts supporting discrimination on the basis of family status because she has not alleged she has been discriminated against as a result of a child or children living with her.  *See, e.g., Hunt v. Aimco Properties, L.P.*, 814 F.3d 1213, 1222 (11ᵗʰ Cir. 2016); *Floyd v. PEM Real Estate Group*, Case No. 17-451-TFM-N, 2019 WL 641088, at *3 (S.D. Ala. Jan. 1, 2019).

Plaintiff will be given one chance to reallege this count.  Acknowledging that Plaintiff is incarcerated, the Court will allow Plaintiff until June 24, 2019 to file a Second Amended Complaint which alleges facts that portray or describe any discriminatory acts against her in connection with individuals under the age of 18 living with her.   Plaintiff's failure to file a Second Amended Complaint by June 24, 2019 will result in this case moving forward on Counts I and III only.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 9ᵗʰ day of May, 2019.

KENNETH A. MARRA
United States District Judge