UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-81522-CIV-MARRA

KAREN C. YEH HO,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.,

    Defendant.
_____/

## ORDER AND OPINION GRANTING MOTION TO STRIKE JURY TRIAL DEMAND

**THIS CAUSE** is before the Court upon Defendant Wells Fargo Bank, N.A.'s Motion to Strike Plaintiff's Jury Trial Demand [DE 82]. No response in opposition was filed, the time for responding has long since passed, and no request for an extension of time to respond has been made. Failure to serve an opposing memorandum of law "may be deemed sufficient cause for granting the motion by default." S.D. Fla. L.R. 7.1 (c)(1). Despite the default rule, the Court has carefully considered the motion, the entire Court file, and is otherwise fully advised in the premises.

## Discussion

This matter centers on a mortgage loan in favor of Mortgage Professionals, Inc. originated on November 30, 2007. The loan was secured by a mortgage on the subject property executed the same day.[1] The mortgage was executed by Plaintiff

---

[1] The Court takes judicial notice of the mortgage, which is recorded in Official Records Book 22301, Page 1321, of the public records of Palm Beach County, Florida. See DE 82-1, Exhibit A. Fed. R. Evid. 201(b); *Horne v. Potter*, 392 F.App'x 800, 802 (11th Cir. 2010) (holding district court may take judicial notice of public records); *Colon v. Nationstar Mortg., LLC*, No. 1:15-CV-22961-UU, 2015 WL 7422598, at *2 (S.D. Fla. Nov. 17, 2015) (judicially noticing provisions of mortgage pursuant to Fed. R. Evid. 201(b)) (collecting cases).

and her husband, Wing Kei Ho.  By the instant motion, Defendant asks the Court to enforce the Jury Trial Waiver contained in the Mortgage and strike Plaintiff's jury demand.  The mortgage includes the following jury trial waiver:

> 25. Jury Trial Waiver. The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note.

DE 82-1, Ex. A ¶ 25.  Plaintiff agreed to the waiver by initialing the page immediately following the waiver language and signing the mortgage on the next page.

Courts routinely enforce jury trial waivers in cases similar to the present case because they are clearly related to the note and mortgage.  *See Fiora v. Green Tree Servicing, LLC*, No. 14- 61755-CIV, 2015 WL 9916717, at *1 (S.D. Fla. 2015) ("[C]ourts within this Circuit have found that virtually identical jury trial waivers were enforceable in the context of RESPA claims."); *Ferraro v. Wells Fargo N.A.*, No. 2:13–cv–632, 2013 WL 5357109 at *1 (M.D. Fla. 2013) (upholding waiver as to TILA and RESPA claims); *Correa v. BAC Home Loans Servicing, LP*, No. 6:11–cv–1197, 2012 WL 1176701, at *15-16 (M.D. Fla. 2012) (upholding waiver as to TILA, RESPA, and FDCPA claims); *Madura v. BAC Home Loans Servicing L.P.*, 851 F. Supp. 2d 1291, 1295 (M.D. Fla. 2012) (upholding waiver as to RESPA claims); *Hancock v. Deutsche Bank Nat'l Trust Co.*, No. 8:06–CV–1724-T-27EAJ, 2006 WL 6319816, at *2 (M.D. Fla. 2006) (same); *see also Harrington v. Roundpoint Mortg. Servicing Corp.*, No. 2:15-CV-322-FtM-38MRM, 2016 WL 614578, at *3 (M.D. Fla. Feb. 16, 2016) (finding borrower's consumer protection claims directly related to jury trial waiver stating "the Mortgage is the sole source of the parties' relationship"); *Deleplancque v. Nationstar Mortg., LLC*, No. 6:15-CV-1401-Orl-40KRS, 2016 WL 406788, at *2 (M.D. Fla. Jan. 14, 2016)

(same); *Newton v. Wells Fargo Bank N.A.*, No. 3:13-CV-1017-J-32MCR, 2013 WL 5854520, at *2 (M.D. Fla. Oct. 30, 2013).

"Courts routinely and regularly enforce jury trial waivers found in loan agreements." *Ferraro v. Wells Fargo N.A.*, No. 2:13-CV-632-FtM-38, 2013 WL 5357109, at *1 (M.D. Fla. Sept. 24, 2013). Not only are contractual jury waivers generally enforceable, but the specific waiver involved in this mortgage has been upheld by numerous district courts in Florida. *See, e.g., id.*; *Fleeger v. Wachovia Bank,* No. 5:12-CV-294, 2013 WL 1760190, at *1 (M.D. Fla. Apr. 24, 2013); *Anderson v. Apex Fin. Group, Inc.*, No. 8:08-CV-949, 2008 WL 2782684, at *1- 2 (M.D. Fla. July 16, 2008); *Murphy v. Cimarron Mortg. Co.*, No. 8:06-CV-2142, 2007 WL 294229 at *2 (M.D. Fla. Jan. 29 2007); *Belin v. Litton Loan Servicing, LP,* No. No. 8:06-cv-760, 2006 WL 2061340, at *1 (M.D. Fla. July 17, 2006).

Based on the record, Defendant has shown that Plaintiff knowingly and voluntarily waived her right to a jury trial. The waiver provision in the mortgage is conspicuous, since (1) it is in its own separate paragraph, (2) it is in the same size font as the rest of the document, (3) it is located in the last paragraph of a relatively short document,[2] thus, it cannot be considered hidden within the document, and (4) it states in clear and unambiguous language that Plaintiff is waiving her right to a jury trial. *See, e.g., Mellon Bank, N.A. v. Miglin*, No. No. 92 C 4059, 1993 WL 281111, at *12 (N.D. Ill. Apr. 29, 1993) (finding waiver provision in seven page document that was in the same typeface as every other clause to be conspicuous); *Allyn v. Western*

---

[2] The mortgage is 14 pages long. The jury trial waiver provision is the last paragraph on the 13th page and the 14th page is the signature page.

*United Life Assurance Co.*, 347 F. Supp. 2d 1246, 1252-53 (M.D. Fla. 2004) (finding waiver provision to be conspicuous when it was located in the last numbered paragraph near the end of the document and contained straightforward, understandable language).

The waiver is clear and conspicuously labeled. *See Levinson v. Green Tree Servicing, LLC*, No. 8:14–cv–2120, 2015 WL 1912276 at *2 (M.D. Fla. Apr. 27, 2015) ("Plaintiffs knowingly and voluntarily waived their right to a jury trial upon signing the mortgage, thereby creating a valid waiver of jury trial."). The Court has not been supplied with evidence tending to show that the waiver was unconscionable, contrary to public policy, or simply unfair. Given this record, the Court finds that Plaintiff knowingly and voluntarily waived her right to a jury trial. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant Wells Fargo Bank, N.A.'s Motion to Strike Plaintiff's Jury Trial Demand **[DE 82] is GRANTED**. Plaintiff's demand for a jury trial is stricken; this case will be conducted as a bench trial.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 10th day of March, 2020.

KENNETH A. MARRA
United States District Judge